IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **CODY LACY,** | * | Case No. 3:11-cv-52 |
| Plaintiff, | * | (Judge Walter Herbert Rice) |
| v. | * | |
| **REDDY ELECTRIC CO., et al.,** | * | **ANSWER OF DEFENDANTS REDDY ELECTRIC CO. AND JEFFREY ELDRIDGE** |
| Defendants. | * | |

Defendants, Reddy Electric Co. and Jeffrey Eldridge, answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

1. Defendants admit that Plaintiff is seeking recovery under the statutory sections alleged, but denies that Plaintiff is entitled to any of the relief sought and further denies all remaining allegations contained in paragraph 1.

2. Paragraph 2 contains legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 2.

3. Paragraph 3 contains legal conclusions which do not require a response on the part of Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 3.

4. Defendants admit that Plaintiff worked for Defendant, Reddy Electric, for a period of time between 2009 and 2010 as a construction worker. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5. Paragraph 5 contains legal conclusions which do not require a response on the part of Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 5.

6. Defendants admit the Plaintiff was employed by Reddy Electric but denies all remaining allegations contained in paragraph 6.

7. Defendants admit the allegations contained in the first sentence of paragraph 7. Defendants deny the remaining allegations contained in paragraph 7.

8. Defendants admit that Mr. Eldridge resides in the State of Ohio and that he is a manager of the Defendant employer. Defendants deny all remaining allegations contained in paragraph 8.

9. Defendants admit that Mr. Eldridge was Vice President of the employer. Defendants deny the remaining allegations contained in paragraph 9.

10. Paragraph 10 contains legal conclusions which do not require a response on the part of Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 10.

11. Paragraph 11 contains legal conclusions which do not require a response on the part of Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 11.

12. Paragraph 12 contains legal conclusions which do not require a response on the part of Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 12.

13. Defendants incorporate the responses to paragraphs 1- 12 as Defendants' response to paragraph 13.

14. Paragraph 14 contains legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants incorporate their responses to paragraphs 1 – 18 as Defendants' response to paragraph 19 of the Complaint.

20. Paragraph 20 contains legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants incorporate their responses to paragraphs 1 – 25 as Defendants' response to paragraph 26.

27. Paragraph 27 contains legal conclusions which do not require a response on the part of Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 27.

28. Paragraph 28 contains legal conclusions which do not require a response on the part of Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants incorporate their responses to paragraphs 1 – 31 as Defendants' response to paragraph 32.

33. Paragraph 33 contains legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants incorporate their responses to paragraphs 1 – 38 as Defendants' response to paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

43. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

46. The Plaintiff has failed to mitigate and/or minimize any damages that he may have sustained.

### FIFTH AFFIRMATIVE DEFENSE

47. Defendants at all times acted in good faith.

### SIXTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiff has failed to exhaust applicable administrative remedies and the Complaint, or portions thereof, is barred to the extent that it alleges conduct and/or claims not previously alleged in a timely administrative charge or complaint filed with an appropriate federal or local agency.

### EIGHTH AFFIRMATIVE DEFENSE

50. Plaintiff's Complaint fails to set forth a prima facie case for any of the claims raised in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

51. Some of the damages Plaintiff seeks are not recoverable under the theories pled in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

52. Defendant Eldridge is not an employer and there is no basis for individual liability.

### ELEVENTH AFFIRMATIVE DEFENSE

53. Reddy Electric is protected by the Motor Carrier Exemption to the FLSA.

### TWELFTH AFFIRMATIVE DEFENSE

54. Some or all of Plaintiff's claims are not triable by a jury.

### THIRTEENTH AFFIRMATIVE DEFENSE

55. Defendants reserve the right to assert any and all further defenses that may be revealed during the course of discovery and Defendants specifically incorporate by reference herein all applicable affirmative defenses set forth in Federal Rules of Civil Procedure 8(C).

**WHEREFORE,** Defendants Reddy Electric Co. and Jeffrey Eldridge request that Plaintiff's Complaint be dismissed at Plaintiff's cost, and that Defendants be awarded their costs of litigation, including attorney's fees and all other relief to which Defendants may be entitled in law or in equity.

        Respectfully submitted,

        ___s/ C. Mark Kingseed_____
C. Mark Kingseed (0024597)
COOLIDGE WALL CO., L.P.A.
33 W. First Street, Suite 600
Dayton, OH  45402
Phone:  937-223-8177
Fax:  937-223-6705
E-mail:  kingseed@coollaw.com

TRIAL ATTORNEY FOR DEFENDANTS
REDDY ELECTRIC CO. AND
JEFFREY ELDRIDGE

Of Counsel:

Allison D. Michael (0071055)
33 W. First Street, Suite 600
Dayton, OH  45402
Phone:  937-223-8177
Fax:  937-223-6705
E-mail:  michael@coollaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2011, the foregoing ANSWER OF DEFENDANTS REDDY ELECTRIC CO. AND JEFFREY ELDRIDGE was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's CM/ECF system, and copies will be mailed via ordinary U.S. Mail to those parties to whom electronic notice has not been sent.  Parties may access the filing through the Court's system.

        ___/s/ C. Mark Kingseed_____
        C. Mark Kingseed

w:\wdox\client\641790\00583\00531820.docx